FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 29, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY E. NIELSON,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOUSEHOLD FINANCE CORPORATION III; CALIBER HOME LOANS INC., d/b/a CALIBER LOANS, INC.,<br><br>　　　　　　　Defendants. | No.   2:16-CV-364-SMJ<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REMAND AND ATTORNEY FEES & COSTS, DENYING DEFENDANTS' MOTIONS TO DISMISS AS MOOT, AND DENYING PLAINTIFF'S REQUEST TO AMEND COMPLAINT AS MOOT** |

　　　Before the Court, without oral argument, is Plaintiff's Motion for Remand and Attorney Fees and Costs, ECF No. 12. Through this motion Plaintiff seeks an order from this Court remanding this case to the Superior Court of Washington for Grant County and an award of attorney fees and costs incurred in resisting Defendants' removal efforts. Although Defendants have not submitted a filing specifically opposing Plaintiff's motion, the Notice of Removal, ECF No. 1, and their pending Motions to Dismiss, ECF Nos. 6 and 7, make clear Defendants' position that this Court has jurisdiction to decide this case. Having reviewed the pleadings and the file in this matter, the Court is fully informed and grants

ORDER **-** 1

Nielson's Motion for Remand but denies her Motion for Attorney Fees and Costs. The Court also denies Defendants' Motions to Dismiss, ECF Nos. 6 and 7, as moot. Lastly, the Court denies Nielson's request to amend her complaint, ECF No. 14, as moot.

## I.  Nielson's Motion for Remand

Removal of a civil action from state to federal court is governed by 28 U.S.C. § 1446. Cases removed on the basis of diversity jurisdiction must present parties whose citizenship is completely diverse and contest an amount greater than $75,000. 28 U.S.C. § 1332(a).

When the amount of damages a plaintiff seeks is unclear from a complaint, the defendant bears the burden of proving facts supporting the jurisdictional amount. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992); *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004). To discharge its burden, a defendant must "provide evidence establishing that it is more likely than not that the amount in controversy exceeds [$75,000]." *Valdez*, 372 F.3d at 1117 (citations and quotations omitted). The amount in controversy must be established as of the time of removal. *Grieff v. Brigandi Coin. Co.*, C14-214, 2014 WL 2608209, *1 (W.D. Wash. June 11, 2014). Defendants may rely on claims of general and specific damages, punitive damages, and attorney's fees to satisfy the amount in controversy requirement. *Colvin v. Conagra Foods, Inc.*, No. C07-1376, 2007 WL

3306746, \*2 (W.D. Wash. Nov. 5, 2007). In determining whether the jurisdictional amount is met, a reviewing court evaluates the complaint and "may consider any evidence submitted by the parties including affidavits or declarations, or other [relevant] summary-judgment-type evidence." *Coleman v. American Commerce Ins. Co.*, No. C16-5096, 2016 WL 2586636, \*2 (W.D. Wash. May 5, 2016) (citations and quotations omitted). Defendants cannot rely on "speculation and conjecture" or "unreasonable assumptions" to meet their burden. *Id.*

Defendant Household Finance Corporation III (Household Finance) removed this case from Grant County Superior Court to this Court. ECF No. 1. Defendant Caliber Home Loans, Inc. (Caliber) consented to removal. *Id.* at 5. Given that this case concerns a real property dispute, and the fact that no federal question is at issue, the Court would necessarily sit in diversity.

Here, complete diversity between the parties exists. ECF No. 1 at 2–3. The parties contest whether the amount in controversy requirement is satisfied. Nielson's complaint does not specify the amount of damages she seeks. Therefore, Defendants bear the burden of establishing that the $75,000 jurisdictional threshold has been exceeded.

Household Finance does not meet its burden. While it presents evidence showing that at least $57,776.37[1] is at issue in this case, ECF No. 1-2, Ex. 4 at 1, it proffers no evidence regarding the potential punitive damages, attorney's fees, or other amount that would push the amount in controversy past $75,000. The Notice of Removal points to R.C.W. § 19.86.090 and asserts that Nielson may recover treble damages up to $25,000. ECF No. 1 at 4. Thus, Household Finance concludes, the jurisdictional requirement is met. However, other district courts have held that defendants must present factual evidence supporting a potential punitive damages award. *See, e.g.*, *Coleman*, 2016 WL 2586636 at 3 (granting plaintiff's motion for remand where, among other things, defendant did not provide evidence beyond the complaint demonstrating that the amount in controversy was met); *Colvin*, 2007 WL 3306746 at *3 (granting plaintiff's motion to remand where, among other things, damages under R.C.W. § 19.86.090 would be capped at $10,000); *Burk v. Medical Savings Ins. Co.*, 348 F.Supp.2d 1063, 1069 (D. Ariz. Dec. 8, 2004) (remanding action to state court where, among other things, defendant provided no evidence of the likely punitive damages); *Surber v. Reliance Nat'l Indem. Co.*, 110 F.Supp.2d 1227, 1232 (N.D. Cal. July 31, 2000) (remanding to state court where, among other things, defendant

---

[1] This amount represents the pay-off amount Nielson would have had to pay to prevent foreclosure on the disputed property as of December 30, 2015.

provided no evidence of potential punitive damages beyond one piece of evidence).

Defendant Household Finance cites to one case in this district denying a motion for remand for the proposition that courts count treble damages when determining whether the jurisdictional amount is met. *Vanderburg v. Alpha Property & Cas. Ins. Co.*, No. 13-5090, 2013 WL 5491948 (E.D. Wash. Oct. 2, 2013). That treble damages count toward the $75,000 requirement is clear. However, *Vanderburg* does not help Household Finance much in this case. There, the court found that plaintiff "asserted that he is entitled to treble damages on actual damages of $25,000 and that he is entitled to recover his attorney's fees in this action." *Id.* at *2. A similar finding cannot be made in this case because Nielson's complaint is silent on the amount of damages claimed. Moreover, although R.C.W. § 19.86.090 provides that Nielson could obtain up to $25,000 in treble damages, Household Finance submitted no evidence upon which the Court can rely to conclude that the $75,000 threshold has been met by adding punitive damages, attorney's fees, or other damages to the already established $57,776.37 at issue.

As such, this Court lacks subject matter jurisdiction over this case and grants Nielson's Motion to Remand.

II.   **Nielson's Motion for Attorney Fees and Costs**

ORDER - 5

Nielson requests attorney's fees pursuant to 28 U.S.C. § 1447(c), which allows a court to award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney[s'] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. . . . In contrast, when the party had an objectively reasonable basis, a court should deny the award." *Coleman*, 2016 WL 2586636 at 4 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)) (internal quotations omitted).

Although this Court finds that it presently lacks subject matter jurisdiction in this case, Household Finance's removal attempt was objectively reasonable. In attempting to remove this case to federal court, Household Finance relied on the underlying property's pay-off value of $57,776.37 and the statutorily authorized treble damages under Washington law. That Household Finance did not submit sufficient factual evidence to prevail does not render its removal notice unreasonable. Therefore, Nielson's request for attorney's fees and costs is denied.

### III. Defendants' Motions to Dismiss

Since the Court has determined that it presently lacks subject matter jurisdiction in this matter, Defendant's pending motions to dismiss, ECF Nos. 6 and 7, are denied as moot.

### IV. Nielson's Request to Amend Complaint

ORDER **-** 6

The Court previously considered Nielson's Motion to Continue and granted her request that the Court decide her Motion to Remand first because of the jurisdictional questions raised. ECF No. 17. The Court deferred consideration of Nielson's request to amend her complaint. *Id.* Having granted Nielson's Motion to Remand, the Court denies her request to amend her complaint, ECF No. 14, as moot.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Remand and Attorney Fees and Costs, **ECF No. 12**, is:

    *A.* **GRANTED** as to her request for remand and

    *B.* **DENIED** as to her request for attorney fees and costs;

2. Defendant Household Finance's Motion to Dismiss, **ECF No. 6**, is **DENIED** as moot;

3. Defendant Caliber's Motion to Dismiss, **ECF No. 7**, is **DENIED** as moot;

4. Plaintiff's Motion to Continue, in so far as it requests leave from this Court to amend her complaint, **ECF No. 14**, is **DENIED** as Moot; and

**5.** This matter is **REMANDED** to the Superior Court of Washington for Grant County.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order, provide copies to all counsel, and close this case.

**DATED** this 29th day of November 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 8