FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 01, 2016

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY E. NIELSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>HOUSEHOLD FINANCE CORPORATION III; CALIBER HOME LOANS, d/b/a CALIBER LOANS, INC.,<br><br>　　　　　　　　Defendants. | No.   2:16-CV-364-SMJ<br><br>**ORDER DENYING DEFENDANT HOUSEHOLD'S MOTION FOR RECONSIDERATION OF ORDER GRANTING MOTION TO REMAND** |

　　Before the Court, without oral argument, is Defendant Household's Motion for Reconsideration of Order Granting Motion to Remand, ECF No. 27, and related Motion to Expedite, ECF No. 28. Through this motion, Defendant Household asks this Court to reconsider its order remanding this case to state court, ECF No. 25, and to deny Nielson's Motion to Remand. ECF No. 27. Having reviewed the pleadings and the file in this matter, the Court is fully informed and denies the motion for reconsideration.

　　Although Defendant Household cites this District's Local Rules (LR) in support of its motion for reconsideration, it does not account for all the relevant rules in this matter. For the purpose of calculating applicable deadlines under LR

ORDER **-** 1

7.1 "[a] 'dispositive motion' is a motion requesting: summary judgment, judgment on the pleadings, dismissal, permanent injunctive relief; or to suppress evidence in a criminal case." LR 7.1(a)(3). Parties represented by counsel have twenty-one (21) days to respond to dispositive motions. LR 7.1(b)(2)(B)(2). However, when responding to a nondispositive motion—that is, any motion not included in LR 7.1(a)(3)'s definition of a dispositive motion—parties represented by counsel have fourteen days (14) to respond. LR 7.1(b)(2)(B)(1).

Here, Nielson's Motion to Remand, ECF No. 12, is not a dispositive motion. Nielson filed her motion on November 8, 2016. Therefore, Defendants were required to file their response by November 22, 2016, fourteen days after Nielson filed her Motion to Remand.

Household points to this Court's order on November 15, 2016, ECF No. 17, alerting the parties to the fact that this Court would rule on the Motion to Remand, and indeed the pending motions at that time, by December 2, 2016, to explain that Household believed that it could file its response by November 29, 2016. ECF No. 27 at 2; ECF No. 17. This is unpersuasive. The fact that the Court set its own schedule for deciding the pending motions at that time did not convert Nielson's Motion to Remand into a dispositive motion. The Court considered and ruled on Nielson's Motion to Remand after the Defendants' response deadline passed based on the record before it at the time.

ORDER **-** 2

The Court prefers to decide cases on the merits. However, to ignore this District's procedural requirements as set in the Local Rules would be unfair. Plaintiff filed this case in state court. Thereafter, Defendant noticed this case for removal to this Court. At that point, all parties needed to comply with this District's rules in addition to the Federal Rules of Civil Procedure. Defendant missed their deadline for responding to Nielson's Motion to Remand and the Court decided the pending motions before it on the record before it at the time. While this decision is not what the Defendants desired, all parties will have the opportunity to present their respective cases in state court and have the matter decided on the merits there.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant Household's Motion for Reconsideration of Order Granting Motion to Remand, **ECF No. 27**, is **DENIED**.

2. Defendant Household's Motion to Expedite Hearing on Motion for Reconsideration, **ECF No. 28**, is **GRANTED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 1st day of December 2016.

_____
SALVADOR MENDOZA, JR.
United States District Judge

ORDER **-** 3